IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL GARRINGER,<br><br>　　　　　　Defendant. | 8:23-CR-86<br><br>MEMORANDUM AND ORDER REGARDING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION, GOVERNMENT'S MOTION FOR PRELIMINARY ORDER OF FORFEITURE, AND JAMES REJA'S OBJECTION |

　　　　On October 16, 2025, defendant Michael Garringer entered a guilty plea to Counts I and II of the Third Superseding Indictment. Filing 517 (Text Minute Entry); Filing 522 (Petition to Enter a Plea of Guilty); Filing 523 (Plea Agreement). The defendant also admitted to the Forfeiture Allegation of the Third Superseding Indictment, and the magistrate judge accepted the defendant's admission as being made willingly, voluntarily, and knowingly. Filing 523 at 1; Filing 528 at 23. Following the change of plea hearing, the magistrate judge filed a Findings and Recommendation on Plea of Guilty recommending that the Court accept the defendant's guilty plea and find him guilty of the crimes charged in Counts I and II of the Third Superseding Indictment. Filing 519. The Government then filed a Motion for Preliminary Order of Forfeiture seeking forfeiture of the property listed in the Forfeiture Allegation of the Third Superseding Indictment. Filing 525. The defendant is one of 13 codefendants charged in the Third Superseding Indictment. Filing 375. James Reja is not a defendant named in the Third Superseding Indictment, but after the Government filed

1

its Motion for Preliminary Order of Forfeiture, counsel for Reja filed an Objection to Motion for Final or Preliminary Forfeiture. Filing 526. The Court presently considers the magistrate judge's Findings and Recommendation, Filing 519; the Government's Motion for Preliminary Order of Forfeiture, Filing 525; and Reja's Objection to Motion for Final or Preliminary Forfeiture, Filing 526. For the reasons below, the findings and recommendation is held in abeyance, the motion for preliminary order of forfeiture is similarly held in abeyance, and Reja's objection is denied as improper.

## I. The Guilty Plea

The Court first considers the magistrate judge's findings and recommendation regarding the defendant's plea of guilty to Counts I and II of the Third Superseding Indictment. There are no objections to the findings and recommendation, but the Court nevertheless declines to adopt the findings and recommendation at this time.

Under Federal Rule of Criminal Procedure 11, a court must inform a defendant of "any maximum possible penalty, including imprisonment, fine, and term of supervised release" before the court can accept the defendant's plea of guilty. Fed. R. Crim. P. 11(b)(1)(H). Having conducted a de novo review of the record pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 11.2(d), the Court is concerned that the defendant was not advised of the maximum possible fine he could face by pleading guilty to Count II. That count charges the defendant with violating 18 U.S.C. § 1956, the money laundering statute. Filing 375 at 2. Specifically, Count II alleges that from at least August 1, 2014, to August 31, 2021, the defendant and his 12 codefendants:

> did knowingly conduct, attempt to conduct, and cause to be conducted, financial transactions affecting interstate commerce which involved the proceeds of a specified unlawful activity, that is: Distribution and Conspiracy to Distribute and Possess with Intent to Distribute Marijuana and THC, its salts, isomers, and salts of isomers, in violation of Title 21, United States Code, Sections 841 and 846, knowing

> that the transactions were designed in whole and in part to conceal and disguise the nature, location and source of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.
>
> In violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

Filing 375 at 2. Under the money laundering statute, the defendant "shall be sentenced to a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater, or imprisonment for not more than twenty years, or both." 18 U.S.C. § 1956(a)(1)(B)(i). Notably, Count II of the Third Superseding Indictment does not identify either the "property involved in the financial transaction" or the value of that property. Filing 375 at 2.

Both the defendant's petition to enter a plea of guilty and his plea agreement describe the maximum fine under Count II as a fine of $500,000. Filing 522 at 4; Filing 523 at 4. Similarly, during the defendant's change of plea hearing, the magistrate judge advised the defendant that he faced a "maximum of up to a $500,000 fine" if he was convicted of Count II. Filing 528 at 8. Despite these advisements, it appears from the record that a larger fine may be possible in this case. Although nothing in the record specifically identifies the value of the property involved in the financial transaction described in Count II, the Forfeiture Allegation of the Third Superseding Indictment does hint that the value of that property may exceed $500,000. The Forfeiture Allegation contains an allegation for a money judgment against the defendant and his 12 codefendants "in the approximate amount of $250,000,000." Filing 375 at 7. That money judgment allegation seeks $250 million as

> a sum of money equal to the value of the property constituting, or derived from, any proceeds Defendants obtained directly or indirectly as a result of the offenses alleged in Counts II and/or III of this Superseding Indictment, and any and all property used or intended to be used in any manner or part to commit and to facilitate the

3

> commission of the violation alleged in Counts II and/or III of this Superseding Indictment.

Filing 375 at 7.[1] It remains to be seen whether the full $250 million sought in the money judgment allegation constitutes "property involved in the transaction" under 18 U.S.C. § 1956(a)(1)(B)(i). *See United States v. Williams*, 87 F.3d 249, 254 (8th Cir. 1996) (listing the elements of money laundering, including that the "defendant conducted a financial transaction which involved the proceeds of unlawful activity" and that the defendant "knew the property involved in the transaction was proceeds of some form of specified unlawful activity"). However, if even a fraction of that amount is considered property involved in the financial transaction, then the defendant would be subject to a maximum fine of well over $500,000. *See* 18 U.S.C. § 1956(a)(1)(B)(i) (establishing a "fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater").

Ultimately—and regardless of the value of the property involved in the transaction—the defendant was not advised that by pleading guilty to Count II, he could face a fine of "not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater." 18 U.S.C. § 1956(a)(1)(B)(i). The Court orders counsel from the Government to file a response addressing this apparent discrepancy in the maximum possible fine the defendant could face on Count II by 5:00 p.m. on Tuesday, November 18, 2025. After reviewing the Government's response, it is the Court's intent to issue a further order on this matter prior to sentencing or to inquire into this matter at the sentencing hearing set for January 14, 2026. Filing 518.

---

[1] Count III charges the defendant with violating 18 U.S.C. § 1956(a)(1)(B)(i) and § 1956(a)(1)(B)(ii), "[a]ll in violation of Title 18, United States Code, Section 1956(h), and 2." Filing 375 at 2–3. The parties' plea agreement provides that the Government will move to dismiss Count III at the time of sentencing. Filing 523 at 1.

## II. The Government's Motion for a Preliminary Order of Forfeiture

The Court now turns to the Government's Motion for Preliminary Order of Forfeiture. Filing 525. Rule 32.2 of the Federal Rules of Criminal Procedure provides that "[a]s soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute." Fed. R. Crim. P. 32.2(b)(1)(A). Once a court "finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria." Fed. R. Crim. P. 32.2(b)(2)(A). Because the Court has not accepted the defendant's guilty plea to Counts I and II of the Third Superseding Indictment, any preliminary order of forfeiture would be premature. *See* Fed. R. Crim. P. 32.2(b)(1)(A). The Court will therefore defer ruling on the Government's Motion for Preliminary Order of Forfeiture until after the Court has had an opportunity to further address the defendant's guilty plea—specifically, the maximum possible fine the defendant faces by pleading guilty to Count II. If the Court accepts the defendant's guilty plea in a future order or at sentencing, the Court will then address the issue of a preliminary order of forfeiture.

Although the Court is not presently ruling on the Government's Motion for Preliminary Order of Forfeiture, the Court will address an issue related to that motion. The Government states in its motion that "[p]ursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1), the Forfeiture Allegation of the Third Superseding Indictment sought forfeiture of the property listed in Attachment A." Filing 525 at 1. Attachment A, which the Government filed alongside its motion, includes a list of 47 properties, labeled "a." through "uu." and ranging from $459,314.59 in United States currency to an

5

"Olmec Stone Figure." Filing 525-1. The Forfeiture Allegation of the Third Superseding Indictment also contains a list of properties, but that list is labeled "a." through "vv." Filing 375 at 4–7. Item "vv." in the Forfeiture Allegation of the Third Superseding Indictment is the only item not included in Attachment A, and that item is the money judgment allegation seeking "a sum of money" in the "approximate amount of $250,000,000" from the 13 codefendants. Filing 375 at 7. Based on the Government's motion and Attachment A, it appears that the Government is no longer seeking a forfeiture money judgment from the defendant, but this is the first the Court has heard of that change. The defendant's plea agreement contemplated a general admission to "the Forfeiture Allegation of the Third Superseding Indictment," and during his change of plea hearing, the defendant waived "any and all interest that [he] may have in any of the property that's identified in the [T]hird [S]uperseding [I]ndictment." Filing 523 at 1; Filing 528 at 23. The defendant's admission did not distinguish between properties in the Forfeiture Allegation, and the Government did not state that it was no longer seeking a forfeiture money judgment. *See generally* Filing 528. In the time since the defendant's change of plea hearing, the Government has not moved to dismiss the allegation for a forfeiture money judgment found at item "vv." in the Forfeiture Allegation. Instead, the Government has simply omitted item "vv." from the list of properties included in Attachment A and failed to move for a forfeiture money judgment.

Counsel for the Government is hereby ordered to show cause why the forfeiture money judgment was excluded from the list of property to be forfeited even though the defendant admitted to that money judgment allegation when he generally admitted to the Forfeiture Allegation during his change of plea hearing. Filing 528 at 23. Counsel for the Government must show cause in a document filed on the docket by 5:00 p.m. on Tuesday, November 18, 2025.

### III. Reja's Objection

Finally, the Court will address James Reja's Objection to Motion for Final or Preliminary Forfeiture. Filing 526. The objection characterizes Reja as a defendant "who has not been dismissed from this action, who rises in opposition to the United States of America's Motion for Preliminary Order of Forfeiture" against defendant Michael Garringer. Filing 526 at 1. As the Court noted earlier, Reja is not one of the 13 defendants named in the Third Superseding Indictment. *See* Filing 375. Reja was one of the 5 defendants named in the original Indictment, which contained three counts and no forfeiture allegation. Filing 4. He was also one of the 10 defendants named in the Superseding Indictment, which contained the same three counts and a forfeiture allegation. Filing 75. And he was one of the 11 defendants named in the Second Superseding Indictment, which also contained the same three counts and a forfeiture allegation. Filing 205. According to Reja's objection, he was "shot and killed" on November 13, 2023, prior to the filing of both the Superseding and Second Superseding Indictments. Filing 526 at 1.

The essence of Reja's objection is that "Defendant Michael Gar[r]inger has no interest in the property that is the subject of the instant Motion for Preliminary Order of Forfeiture." Filing 526 at 2–3. In making this argument, the objection references a pending *in rem* civil forfeiture proceeding, Case No. 8:24cv160, in which the Government seeks forfeiture of over 65 defendant properties, at least 28 of which are properties that are also subject to criminal forfeiture in the present case. Filing 1 (Complaint in 8:24cv160); Filing 50 (Order Staying Case No. 8:24cv160). The civil proceeding has been stayed pending the outcome of the present criminal proceeding. Filing 50 (8:24cv160). Reja's objection to the Government's Motion for Preliminary Order of Forfeiture alleges that "it is unclear whether Defendant Tyler Witteman [sic] was ever sent a CAFRA Notice as to any of the

property for which civil forfeiture was sought, as required by the statute."[2] Filing 526 at 2. The objection further claims that

> [i]f the US Attorney is unable to produce a CAFRA Notice sent to Mr. Witteman [sic] listing any of the items for which they now seek a Preliminary Order of Forfeiture in the criminal case, it would show that, contrary to its assertion that it only seeks a Preliminary Order in this case "forfeiting Defendant's interests in certain property to the United States," it knows that Mr. Witteman [sic] has no interests in the subject property; it is seeking an "*in personam*" order where there could only be an "*in rem*" order.

Filing 526 at 2. According to the objection, the Government's motion is "yet another attempt" by the Government to "improperly obtain forfeiture of money, real property, fine art, furniture, and jewelry belonging to James Reja and the Estate of James Reja without providing any discovery (in either the criminal or civil matter), or legal basis, or factual basis (other than coerced and/or perjured testimony) for the proposed forfeiture." Filing 526 at 3.

It is clear from Reja's objection that Reja—or his estate—is attempting to assert a legal interest in the property contained in the Forfeiture Allegation of the Third Superseding Indictment. The Federal Rules of Criminal Procedure and the relevant statutes governing criminal forfeiture in this case have established a procedure for asserting third party interests in property subject to a criminal forfeiture allegation. *See* Fed. R. Crim. P. 32.2; 21 U.S.C. § 853; 18 U.S.C. § 982. Reja's objection to the Government's Motion for Preliminary Order of Forfeiture does not comply with that procedure. *See* Fed. R. Crim. P. 32.2(b)(2)(A) ("The court must enter the [preliminary] order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under

---

[2] Reja also filed an identical objection to the Government's Motion for Preliminary Order of Forfeiture against codefendant Tyler John Witteman. Filing 524. It appears that counsel for Reja forgot to change defendant Witteman's name to defendant Garringer's name in the present objection. Filing 526.

Rule 32.2(c)."); 21 U.S.C. § 853(n)(2) ("Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property."). Thus, even though the Court does not enter a preliminary order of forfeiture at this time, the Court will overrule Reja's objection to such an order. Accordingly,

IT IS ORDERED:

1. The magistrate judge's Findings and Recommendation, Filing 519, is held in abeyance;

2. Counsel for the Government is ordered to file a response addressing the apparent discrepancy in the maximum possible fine the defendant could face on Count II by 5:00 p.m. on Tuesday, November 18, 2025;

3. The Court will address the maximum fine issue either in a further order on this matter or during the sentencing hearing set for January 14, 2026;

4. The Court will defer ruling on the Government's Motion for Preliminary Order of Forfeiture, Filing 525, until after the Court decides whether to accept the defendant's guilty plea;

5. Counsel for the Government must show cause why the forfeiture money judgment was excluded from Attachment A, the Government's list of property to be forfeited, by filing a document on the docket by 5:00 p.m. on Tuesday, November 18, 2025;

6. James Reja's Objection to Motion for Final or Preliminary Forfeiture, Filing 526, is overruled; and

7. This case shall provisionally proceed to sentencing.

Dated this 12th day of November, 2025.

BY THE COURT:

_____

Brian C. Buescher
United States District Judge